**FORD MOTOR COMPANY, Plaintiff,**

v.

**FORD FINANCIAL SOLUTIONS, INC., Defendant.**

**No. CIV.A. C00–2009–EJM.**

United States District Court,
N.D. Iowa,
Cedar Rapids Division.

May 9, 2000.

Vernon Pellett Sqires, Bradley & Riley, Cedar Rapids, IA, for Plaintiff.

Mark S. Rolinger, Redfern Mason Dieter, Larsen Moore, Cedar Falls, IA, for Defendant.

### FINAL JUDGMENT

McMANUS, District Judge.

### I. *INTRODUCTION*

Plaintiff, Ford Motor Company ("Ford"), brought this action on January 21, 2000, against defendant, Ford Financial Solutions ("FFS") to prevent FFS' use of FORD FINANCIAL SOLUTIONS as a trademark and domain name in connection with financial services. The parties stipulate to the following findings of fact and conclusions of law, and consent to entry of a permanent injunction as set forth below. Accordingly, the Court enters the following:

### II. *FINDINGS OF FACT*

Ford has for many years been engaged in manufacturing, marketing, and selling automobiles and related products and services under the name and trademark FORD throughout the United States. Ford has for many years also offered financial services under the names and trademarks FORD and FORD FINANCIAL throughout the United States. Ford also provides its financial services under the trademarks FORD CREDIT CERTIFIED and FORD RAPID and plans to continue to use the mark FORD FINANCIAL (collectively "FORD Name and Marks").

Ford owns numerous registrations and applications of its FORD Name and Marks in the United States Patent and Trademark Office. Registration Numbers 942,-993 and 735.475 are valid and subsisting, are owned by Ford, and have become incontestable in accordance with 15 U.S.C. §§ 1065 and 1115(b). Registration Numbers 1,874,207 and 1,874,206 are also valid and subsisting and are owned by Ford. Ford claims ownership of Application Numbers 75/539,024, 75/528,117 and 75/736,886.

Ford provides many of its financial services through its wholly owned subsidiary Ford Motor Credit Company ("Ford Credit"). Ford Credit is currently one of the world's largest finance companies, providing financial services to more than 9 million individual and corporate customers. Ford Credit offers a wide range of services, including but not limited to investment opportunities in Ford money market accounts, asset backed securities and commercial paper, as well as individual and commercial lending. Ford Credit's investment opportunities are available to the general public and are commonly used as a single investment opportunity or included in an investment portfolio.

Ford Credit has a web site at the domain name www.fordcredit.com. Ford Credit's web site offers consumers the ability to research Ford investment accounts, compare the Ford accounts to those of competitors, and learn about investments generally. In addition, Ford Credit's web site allows consumers to estimate and build budgets for individuals interested in saving for and buying Ford cars.

By virtue of Ford's and Ford Credit's long use, advertising, and promotion, the FORD Name and Marks are distinctive and famous, possessing a strong secondary meaning signifying Ford and the financial services it offers and provides. Survey results evidence this fame and secondary meaning. In a recent survey of individuals seeking or planning to seek investment

and other financial information or advice, 54% of consumers throughout the United States stated that they believe Ford is responsible for the Internet site at www.fordfinancialsolutions.com.

FFS has been conducting business using the mark FORD since April, 1998. FFS offers fee-based financial management and investment advisory services for individuals and small businesses. FFS's primary services are advising clients, preparing financial plans, analyzing investment alternatives, providing consultation and presenting seminars in all areas of financial planning. FFS operates a web site under the domain name www.fordfinancialsolutions.com. FFS's web site offers links to various web pages concerning financial information and resources and provides consumers financial research tools.

### III. *CONCLUSIONS OF LAW*

■ Ford's registration and use of each of its FORD Name and Marks in connection with the financial services it offers establishes Ford's exclusive right to use these marks for such services. 15 U.S.C. § 1115(a); *Gilbert/Robinson, Inc. v. Carrie Beverage–Missouri, Inc.,* 758 F.Supp. 512, 522 (E.D.Mo.1991), *aff'd Gilbert/Robinson, Inc. v. Carrie Beverage–Missouri, Inc.,* 989 F.2d 985 (8th Cir.1993); *United We Stand America, Inc., v. United We Stand, America New York, Inc.,* 128 F.3d 86, 93 (2nd Cir.1997); *see also First Bank v. First Bank System, Inc.,* 84 F.3d 1040, 1044 (8th Cir.1996). This exclusive right empowers Ford to prevent third parties from using any name or mark that is likely to cause confusion with the FORD Name and Marks. 15 U.S.C. §§ 1114 and 1116; *See Green Products Co. v. Independence Corn By–Products Co.,* 992 F.Supp. 1070, 1075 (N.D.Iowa 1997).

Here, FFS is using the name and mark FORD FINANCIAL SOLUTIONS and the domain name fordfinancialsolutions.com in connection with the financial planning services it offers, as described above. The term "Ford" in FFS' mark is the same distinctive feature in the FORD Name and Marks. FFS' financial services, namely investment advice and consultation and financial planning, are similar to and compete with the financial services that Ford provides. Where the distinguishing word or feature of a trademark is copied and used with similar goods or services, the consuming public is likely to be confused. *See Gilbert/Robinson,* 758 F.Supp. at 522.

Furthermore, FFS' use of the domain name ford financialsolutions.com increases the likelihood of consumer confusion. The Internet has become a popular method to research companies and the goods and services that they provide. Consumers also use the Internet in connection with financial goods and services, including researching investment and financial opportunities and purchasing and selling financial products. Domain names identify the Internet site to those who reach it "much like a person's name identifies a particular person, or, more relevant to trademark disputes, a company's name identifies a specific company." *Green Products,* 992 F.Supp. at 1076. In addition, "customers who do not know what a company's domain name is will often guess that the domain name is the same as the company's name." *Id.* at 1076–77. Because FFS' domain name includes Ford's corporate name, consumers are likely to associate the domain name with Ford.

Moreover, disclaimers may be insufficient to cure confusion with respect to domain names. "Due to the nature of Internet use, [a] defendant's appropriation of [a] plaintiff's mark as a domain name and home page address cannot adequately be remedied by a disclaimer. [A][d]efendant's domain name and home page address are external labels that, on their face, cause confusion among Internet users ...." *Id.* at 1077. In those situations where disclaimers are insufficient to cure confusion with respect to domain names, the only proper resolution is to cancel or assign to the trademark owner the infringing domain name.

The fact that FFS' owner's last name is Ford is no defense to a finding of trademark infringement. The right to use a personal name is not unlimited. *See Gilbert/Robinson,* 758 F.Supp. at 523. When an individual's use of his or her personal name violates the rights associated with a prior used trademark, that individual will be prevented from using his or her name. *See Id.* Moreover, the use of different modifying words, such as "Financial Solutions," is insufficient to prevent a likelihood of confusion, when, as is the case here, the most prominent word in both marks is the same and the marks are used in connection with similar goods or services. *See Id.* Due to the similarity of the marks and Ford's historical rights in the FORD Name and Marks in connection with providing financial services, FFS cannot use its owner's personal name.

Finally, FFS' use of the mark FORD also dilutes the distinctive quality of the FORD Name and Marks in the financial services industry. Dilution is "the lessening of the capacity of a famous mark to identify and distinguish goods or services." 15 U.S.C. § 1125; *See Luigino's Inc. v. Stouffer Corp.,* 170 F.3d 827, 832 (8th Cir.1999). When consumers associate a famous mark that has traditionally identified the mark holder's goods and services with a new and different source, dilution has occurred. *Id.* In this case, consumers are likely to start associating both Ford and FFS with financial services offered in connection with the mark FORD, thereby diluting the FORD Name and Marks.

FFS' sale and provision of financial services in connection with the mark FORD constitutes trademark infringement, unfair competition, and dilution. For the above reasons, Ford is entitled to injunctive relief, and it is Ordered that Ford Financial Solutions and its officers are permanently enjoined and restrained from using the name and mark FORD in conjunction with the name and mark FINANCIAL SOLUTIONS, the domain name fordfinancialsolutions.com, or any other colorable imitation of the FORD Name and Marks in the financial services industry, or doing any other act or thing likely to induce the belief that Ford Financial Solutions' business or services are in any way connected with Ford's businesses, products or services or are sponsored or approved by Ford. Ford Financial Solutions shall take all actions necessary to assign the domain name fordfinancialsolutions.com to Ford and shall remove any content from the web site at the domain name fordfinancialsolutions.com. Nothing herein shall prohibit FFS from using the name and mark FINANCIAL SOLUTIONS apart from the name and mark FORD.

SO ORDERED AND ADJUDGED.